IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                      No. 22-CR-01910-JB

BRIAN LEVI and
DARYL LEVI,

      Defendants.

## DEFENDANTS' JOINT UNOPPOSED MOTION TO CONTINUE JURY TRIAL AND PRETRIAL MOTION DEADLINES

Defendant Brian Levi, by and through undersigned counsel of record Assistant Federal Public Defender Noah Gelb, and Defendant Daryl Levi, by and through undersigned counsel Harry Zimmerman, respectfully move this Court to continue the jury trial currently scheduled on August 21, 2023, and to vacate and reschedule all other deadlines and settings in this matter for ninety (90) days. In support of this Motion, counsels for the Defendants state:

    1.    On June 22, 2023, Brian Levi pleaded not guilty to an indictment charging him with one count of carjacking resulting in serious bodily injury in violation of 18 U.S.C. §§2119 and 18 U.S.C. §2. Daryl Levi pleaded not guilty to the same count on July 6, 2023.

    2.    Trial in this matter is scheduled for August 21, 2023.

    3.    Before defense counsel can adequately advise the Defendants about their legal options, counsel must conduct a thorough and complete investigation into the counts

charged. Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S. Ct. 2052 (1984).

5. Based on the initial discovery disclosure, defense counsel requires additional time to identify potential witnesses, explore defenses, determine whether additional discovery exists, and determine whether to file pretrial motions and to prepare those motions. Defense counsel cannot adequately advise the Defendants on pretrial motions prior to conducting a thorough review of all discovery and completing the defense investigation.

6. Moreover, the parties require time to discuss the possibility of a negotiated resolution. However, defense counsel must conclude a thorough defense investigation of the charge prior to effectively advising the Defendants on any possible negotiated resolution in this case.

7. Alternatively, defense counsel requires additional time to prepare should this matter proceed to trial. The Defendants' right to the effective assistance of counsel includes adequate time to prepare for trial, and effectively complete a defense investigation. Without this time to prepare, the Defendants will be denied their right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's

> guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

8. The Defendants therefore respectfully requests a continuance of ninety (90) days in order to prepare for trial. The Defendants cannot be and will not be ready for trial in advance of ninety days from the current setting.

9. The Defendants believe that a continuance of ninety days from the current trial setting is the minimum length of time necessary to complete the following tasks:

   a) To allow defense counsel to review discovery himself and with the Defendants.
   b) To allow defense counsel to begin to conduct a reasonable and thorough investigation.
   c) To allow defense counsel to determine whether to file pretrial motions.
   d) To allow time for the parties to engage in meaningful plea negotiations.

10. The continuance will not prejudice the Defendants, as it will allow counsel an opportunity to prepare an effective defense and to attempt to negotiate a favorable plea bargain. Counsel has informed the Defendants of their rights under the Speedy Trial Act, 18 U.S.C. § 3161, and they understand the need for a continuance and respectfully request that the Court continue trial for ninety days from the current setting.

11. Undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As

part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing the defense to review initial discovery with the Defendants, begin investigating the case, prepare and file any necessary pretrial motions, and explore a pretrial resolution.

12. Counsel for the United States, Assistant United States Attorney Alexander Flores, does not oppose a continuance.

WHEREFORE, the Defendants, Brian Levi and Daryl Levi, respectfully request that this Court continue the jury trial and motions deadline as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas Blvd. NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489 Tel.
(505) 346-2494 Fax
noah_gelb@fd.org

*Electronically filed July 14, 2023*
/s/ Noah W. Gelb
NOAH W. GELB, AFPD
Attorney for Brian Levi

/s/ Harry Zimmerman
Harry Zimmerman
12231 Academy Rd NE, 301-315
Albuquerque, NM 87111
(505) 293-6859
Attorney for Daryl Levi
(866) 777-1126 fax
hzattorney@gmail.com